IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ODELL TONY ADAMS,**

   Petitioner,

 v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 3:09-cr-00279-MO
No. 3:12-cv-00568-MO

OPINION AND ORDER

**MOSMAN, J.**,

  After a jury trial, petitioner Odell Tony Adams was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 9, 2011, the Ninth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion. Petitioner now moves to vacate or correct his sentence under 28 U.S.C. § 2255 [85]. For the reasons set forth below, I DENY petitioner's motion.

### BACKGROUND

  At trial, the Government adduced evidence that Bruce Howtopat was inside a bathroom at the Six Points Inn Tavern when petitioner, armed with a gun, entered and demanded "[his] shit." (Tr. [75] at 106–07.) Shortly thereafter, Devin Killian was pulled into the same bathroom. While pointing a gun at both Ms. Killian and Mr. Howtopat, petitioner again demanded "his shit" and

1 – OPINION AND ORDER

told them he would shoot them if they failed to comply. Petitioner then took Ms. Killian's purse and coat, and fled the bar. (*Id*. [75] at 163–67.) This testimony was corroborated by a surveillance tape that showed petitioner leaving the bar with what appeared to be Ms. Killian's property.

Although petitioner disputed this evidence at his sentencing hearing, I was persuaded that Ms. Killian and Mr. Howtopat vividly remembered the events they had described. As a result, I found by clear and convincing evidence that the Government had proven the occurrence of the robbery at trial. (Tr. [73] at 20.) Furthermore, I noted that I would make the same finding were the burden of proof beyond a reasonable doubt. (*Id*. [73] at 20.) Consistent with that finding, I then sentenced petitioner to 110 months imprisonment, to be followed by three years of supervised release [67].

## DISCUSSION

In this motion, petitioner now claims he suffered from four types of ineffective assistance of counsel. First, he claims that his counsel was ineffective in failing to appeal the application of a four-level enhancement for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. §2K2.1(b)(6). (Mem. [85] at 5–7.) Second, he claims that his counsel was ineffective in failing to appeal an allegedly erroneous criminal history assessment. (*Id*. [85] at 7–8.) Third, he claims that his counsel was ineffective for instructing him not to testify in his own behalf at trial and in preventing a sentencing colloquy or written statement at sentencing. (*Id*. [85] at 8–10.) Fourth, he claims that his counsel was ineffective at sentencing in failing to move for a downward variance based on "extreme childhood abuse," pursuant to U.S.S.G. §§ 5H1.3 and 5K2.13. (*Id*. [85] at 11–12.)

**I.      Legal Standards**

   **A.      *Ineffective Assistance of Counsel***

To prevail on a claim of ineffective assistance of counsel, petitioner must show (1) that counsel's performance was "deficient" and (2) that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy the deficiency prong, petitioner must demonstrate that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Furthermore, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the prejudice prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

   **B.      *Evidentiary Hearing***

When a petitioner makes a §2255 motion, he is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit "[has] characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *Id*. (quoting *Schaflander*, 743 F.3d at 717). Accordingly, a hearing must be granted "unless the

movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.3d at 717.

## II. Failure to Appeal Enhancement

### A. *Deficiency*[1]

Petitioner claims that his counsel was ineffective in failing to appeal the application of a four-level enhancement for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. §2K2.1(b)(6). (Mem. [85] at 5–7.) According to petitioner, this failure to appeal was deficient for two reasons. First, there was insufficient evidence in the record to support my finding that a robbery occurred because no law enforcement officer saw a weapon on his person, the two principal witnesses against him were intoxicated at the time of the alleged robbery, and he demanded "*his* shit," not theirs. (*Id*. [85].) (emphasis added). Second, petitioner believes that I failed to find that he possessed the firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. §2K2.1(b)(6)(B).

---

[1] In *Strickland*, the Supreme Court established the standard for constitutionally effective assistance of counsel in capital sentencing cases. 466 U.S. at 687. The Court also stated that it "need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance." *Id*. at 686. Subsequently, in *Glover v. United States*, the Supreme Court held that a petitioner suffered prejudice when his counsel's allegedly deficient performance resulted in the imposition of increased prison time for noncapital offenses. 531 U.S. 198, 200 (2001). In reaching this holding, the Court applied the *Strickland* test. *Id*. at 200 ("We must decide whether this would be 'prejudice' under [*Strickland*].").
  Despite the Court's reasoning in *Glover*, the Ninth Circuit has held that the Supreme Court has not yet extended *Strickland* to noncapital sentencing proceedings. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005); *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006). This holding may be on shaky ground, however. *See Davis,* 443 F.3d at 1159 (Graber, J., concurring) ("[T]he best way to read [*Strickland* and *Glover*] together is to say that *Strickland* applies to a noncapital sentencing that is 'formal' and that involves findings or conclusions that provide a standard for the imposition of sentence."). Furthermore, the Ninth Circuit has provided no alternative analytical framework for noncapital sentencing proceedings in the wake of *Glover*. Therefore, I will assume that *Strickland* applies to petitioner's sentencing-based claims here.

Petitioner's arguments notwithstanding, his counsel's strategic decision not to appeal the application of the enhancement was well within the wide range of professionally competent assistance. First, there was substantial evidence in the record that a robbery in the first degree had occurred. Under Oregon law, a person commits the crime of robbery in the first degree if, in the course of committing or attempting to commit theft, he is armed with a deadly weapon and threatens the use of immediate physical force with the intent of preventing or overcoming the victim's resistance to his taking of property. Or. Rev. Stat. § 164.415. Here, Ms. Killian testified that petitioner had used a loaded firearm, a deadly weapon, to steal her purse and coat. According to Ms. Killian, petitioner threatened her with that firearm to prevent and overcome any resistance she might have had to his taking of her property. (*Id*. [75] at 163–67.) Importantly, this testimony was corroborated by a surveillance tape that showed petitioner leaving the bar with what appeared to be Ms. Killian's property. Therefore, even acknowledging the evidentiary imperfections that petitioner underscores, there was sufficient evidence in the record to find beyond a reasonable doubt that a robbery had occurred.

Second, the court is not required to make an express finding on the record for each element of the enhancement. What is more, petitioner plainly had more than a "firm intent to use the gun for a felonious purpose." *United States v. Jimison*, 493 F.3d 1148, 1149 (9th Cir. 2007). He actually acted on that intent, using the gun to commit the state felony of robbery in the first degree.

Based on this record, an argument contesting the application of the enhancement would have been a legally and factually weak basis for appeal. The strategic decision to focus on other, stronger bases for appeal was therefore a reasonable one. (Resp. Ex. 1 [91-1] at 1.) As a result, petitioner has failed to satisfy the deficiency prong of the *Strickland* test.

B.     *Prejudice*

Although my holding that petitioner has failed to show deficiency on this first claim obviates the need to reach his prejudice argument, *Rios,* 299 F.3d at 805, I note that petitioner cannot satisfy the prejudice prong on this first claim either. Petitioner's prejudice argument is premised on the Supreme Court's holding that "any amount of actual jail time has Sixth Amendment significance." *Glover v. United States*, 531 U.S. 198, 203 (2001). Here, the application of the enhancement resulted in increased prison time. Thus, petitioner argues, his counsel's decision not to appeal the application of the enhancement constituted prejudice under *Strickland*. (Mem. [85] at 7.)

Although petitioner is correct that increased prison time has Sixth Amendment significance, he still must show that there was a reasonable probability that, but for his counsel's failure to appeal the application of the enhancement, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner simply cannot do so. After hearing both the evidence adduced at trial and the arguments made at sentencing, I found that a robbery had occurred, whether the standard was clear and convincing or beyond a reasonable doubt. (Tr. [73] at 20.) Consistent with that finding, I applied the enhancement and sentenced petitioner to 110 months imprisonment, to be followed by three years of supervised release. (*Id*. [73] at 23.) On appeal, the Ninth Circuit would review my factual finding for clear error and my application of the enhancement for abuse of discretion. *See United States v. Gonzalez*, 506 F.3d 940, 943 (9th Cir. 2007) (en banc). Given the evidence adduced at trial, it is extremely unlikely that petitioner could overcome these deferential standards of appellate review. Therefore, petitioner cannot demonstrate a reasonable probability that the result of the proceeding would have been different

if his counsel had appealed the application of the enhancement. Consequently, petitioner has failed to demonstrate prejudice under *Strickland*, too.

### III. Failure to Appeal Erroneous Criminal History Assessment

#### A. *Deficiency*

Next, petitioner claims that his counsel was ineffective in failing to appeal an allegedly erroneous criminal history assessment. (Mem. [85] at 7–8.) Petitioner contends that this failure to appeal was deficient because his Delivery of a Controlled Substance Conviction (Resp. Ex. 1 [91-3].) was not actually a conviction. According to petitioner, "the judge correctly discharged the offense" because "the police officer failed to show for court." (Mem. [85] at 7–8.).

Petitioner is mistaken. The United States Probation Office reviewed his criminal history and noted that he was convicted of Delivery of a Controlled Substance. PSR ¶ 31. In addition, his counsel "examined the 'no contest' plea petition signed by [petitioner] and the judgment entry of conviction," and thus concluded that "[petitioner's] DCS arrest resulted in conviction." (Resp. Ex. 1 [91-1] at 2.). Therefore, the record clearly established petitioner's prior conviction, and, for that reason, his counsel was professionally competent in choosing not to challenge a valid criminal history assessment.

#### B. *Prejudice*

As petitioner has failed to make a colorable showing of deficiency, I decline to consider the prejudice prong on this second claim for relief. *Rios*, 299 F.3d at 805.

### IV. Interference with the Right to Testify

#### A. *Deficiency*

Petitioner also claims that his counsel was ineffective for instructing him not to testify on his own behalf at trial and in preventing a sentencing colloquy or written statement at sentencing.

7 – OPINION AND ORDER

(Mem. [85] at 8–10.) As petitioner notes, the Supreme Court has declared that "it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). Furthermore, to vindicate this right, an attorney must "consult with the defendant and obtain consent to the recommended course of action." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Contrary to these well-established principles, however, petitioner alleges that his counsel "absolutely forbade his testimony at trial," "instructed him not to say a word at sentencing on pain of jeopardizing his appeal," and denied him "the opportunity to provide this Court with a letter to consider in mitigation of the sentence to be imposed." (Mem. [85] at 9.) According to petitioner, these obstructions of his right to testify constituted deficient performance under *Strickland*.

Nevertheless, much of the record contradicts petitioner's version of events. In a letter written in response to this petition, for example, petitioner's counsel claims to have reviewed the right to testify with him, together with the pros and cons of doing so, both before trial and sentencing. (Resp. Ex. 1 [91-1] at 3.) According to petitioner's counsel, petitioner reaffirmed his desire to remain silent during both of these conversations. (*Id*. [91-1].) At sentencing, petitioner's counsel stated on the record that petitioner "ha[d] always exercised his right to remain silent in this case." (Tr. [73] at 11.) Petitioner did not dispute this assertion. I then asked if he "wish[ed] to speak before I pass[ed] sentence," and his counsel again stated that he desired to remain silent. (*Id*. [73] at 19.) Significantly, petitioner made no attempt to interject.

Presented with these competing versions of events, petitioner argues that he is at least entitled to an evidentiary hearing on this claim. Petitioner is incorrect. The Ninth Circuit has held that "[w]hen a defendant is silent in the face of his attorney's decision not to call him as a witness, he has waived his right to testify." *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir.

1993). Indeed, the court has no duty even to inform a defendant of his right to testify or to inquire whether he wishes to exercise that right. *United States v. Edwards*, 897 F.2d 445, 447 (9th Cir. 1990); *United States v. Martinez*, 883 F.2d 750, 760–61 (9th Cir. 1989), *vacated on other grounds*, 928 F.2d 1470 (9th Cir. 1991).

*Nohara*, *Edwards*, and *Martinez* address waiver on direct appeal, and I am unaware of any published Ninth Circuit opinion that applies this rule of waiver in the context of deciding whether to hold an evidentiary hearing. In the absence of controlling Ninth Circuit precedent, I see two ways to interpret *Nohara*, *Edwards*, and *Martinez* here. On the one hand, these cases could stand for the proposition that a defendant's silence is viewed factually as a waiver of his right to testify. Under this interpretation, although the court must accept a defendant's subsequent factual allegations as true when deciding whether to hold an evidentiary hearing, the court may nonetheless decline to hold such a hearing since the defendant actually manifested his intent to waive by remaining silent and is therefore incapable of stating a claim for relief. Although some Ninth Circuit caselaw appears to weakly support this interpretation,[2] it relies on an atypical form of waiver: While accepting as true a defendant's allegation that his attorney kept him from testifying, the court may simultaneously conclude that his waiver was voluntary, knowing, and intelligent. It's a paradox.

On the other hand, these cases could suggest that a defendant who remains silent is deemed to have waived his right to testify, even if he later protests that he did not actually intend to do so. This second interpretation appears to be the more dominant of the two.[3] And in addition to being more consistent with reality, there is ample justification for it. Most importantly, a court

---

[2] *See, e.g., McFarland v. Ducharme*, 161 F.3d 13 (9th Cir. 1998) (unpublished opinion); *Stevenson-Bey v. Lungren*, 105 F.3d 666 (9th Cir. 1996) (unpublished opinion).
[3] *See, e.g., United States v. Felgentraeger*, 152 F.3d 930 (9th Cir. 1998) (unpublished opinion) (holding that no voluntary or intelligent waiver is required)

9 – OPINION AND ORDER

should neither interfere with defense strategy nor intrude on the sacrosanct attorney-client relationship, particularly where, as here, the court directly asks whether a defendant wants to testify. Further, "[t]o hold that a defendant may abide by his lawyer's advice and not take the stand and then invalidate the trial because he so acted is not fair to the government." *Martinez*, 883 F.2d at 761. And finally, our system of criminal justice depends on the integrity of court proceedings, especially at key junctures like sentencing. Allowing a defendant to invalidate these proceedings by making allegations like those made by petitioner here would undermine the reliability and finality of similar proceedings in the future. For these reasons, it is appropriate to deem a defendant who silently sits on his hands as having waived his right to testify, even if he did not actually intend to do so. Under this second interpretation of *Nohara*, *Edwards*, and *Martinez*, the court still must accept a defendant's factual allegations as true when deciding whether to hold an evidentiary hearing and may likewise decline to hold such a hearing. The difference between the two interpretations is that rather than construing silence as actual intent to waive, the court here construes a course of conduct as sufficiently definitive to prevent a silent defendant from subsequently stating a claim for relief.

Despite their theoretical differences, both interpretations of Ninth Circuit precedent lead to the same practical result. In light of the record before me, petitioner undoubtedly waived his right to testify by remaining silent when his counsel chose not to call him as a witness. This finding of waiver is bolstered by the fact that petitioner remained silent when I explicitly asked whether he wished to speak before I passed sentence. Under these circumstances, he is incapable of satisfying the prejudice prong of the *Strickland* test. Moreover, an evidentiary hearing would be meaningless, since petitioner's waiver prevents him from stating a claim for relief. I therefore reject this claim without an evidentiary hearing.

B.   *Prejudice*

Given the foregoing deficiency analysis, I decline to consider the prejudice prong on petitioner's third claim for relief. *Rios*, 299 F.3d at 805.

V.   **Failure to Move for a Downward Variance**

A.   *Deficiency*

Finally, petitioner claims that his counsel was ineffective at sentencing in failing to move for a downward variance based on "extreme childhood abuse," pursuant to U.S.S.G. §§ 5H1.3 and 5K2.13. (Mem. [85] at 11–12.) According to petitioner, this failure to move for a downward variance was deficient for two reasons. First, although petitioner concedes that his counsel provided me with extensive evidence regarding his childhood abuse and mental deficiencies, he argues that she "failed to cite a single case to enable this court with substance to make its determination." (*Id*. [85].) Second, petitioner faults his counsel for failing to raise the policy statements in U.S.S.G. Chapter 5. (Reply [95] at 7–8.)

As petitioner concedes, I was well aware of his childhood abuse and mental deficiencies. Information regarding petitioner's childhood abuse was included in the Presentence Report. PSR ¶ 38. At sentencing, petitioner's counsel further detailed his unusually traumatic childhood. (Tr. [73] at 16–17.) She also provided me with a neuropsychological evaluation, which identified learning disabilities and mental impairments. (Resp. Ex. 1 [91-1] at 3.) In addition to submitting these pieces of evidence, petitioner's counsel did in fact cite Ninth Circuit case law where the Court recognized childhood abuse as an appropriate ground for a downward departure. (*Id*. [91-1]; Resp. [91] at 14.) Furthermore, instead of raising the policy statements in U.S.S.G. Chapter 5 to argue that petitioner's childhood abuse and mental deficiencies were mitigating factors, petitioner's counsel chose to rely on the more flexible statutory sentencing factors in 18 U.S.C. §

3553(a). (Resp. Ex. 1 [91-1] at 3.) This was a reasonable, professionally competent choice. Therefore, petitioner has failed to satisfy the deficiency prong of the *Strickland* test.

### B. *Prejudice*

Although petitioner does not address prejudice in his briefs, he cannot satisfy this prong of the *Strickland* test here either. There is no chance that the result of the proceeding would have been different if his counsel had raised the policy statements in U.S.S.G. Chapter 5. To be clear, I was fully aware of the relevant evidence and legal standards at that time. Still, I concluded that there was very little connection between what petitioner suffered in his childhood and his decision to possess a firearm that night. (Tr. [73] at 22.) As I emphasized at the hearing, at some point, our decisions are our own. (*Id*. [73].) Accordingly, in light of the sentencing record, petitioner cannot legitimately claim that he suffered prejudice as a result of his counsel's failure to raise the above-mentioned policy statements.

## CONCLUSION

For the foregoing reasons, I DENY petitioner's motion to vacate or correct sentence under 28 U.S.C. § 2255 [85]. I also DENY petitioner's request for a certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __6th__ day of December, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge